FILED
00 MAR 31
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR -3 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN AND SUE PATTERSON, on behalf )
of themselves and all and all others similarly )
situated, )
)
Plaintiffs, )
)
v. ) CASE NO. CV 97-B-3098-S
)
WAYNE'S PEST CONTROL COMPANY, )
INC., et al., )
)
Defendants. )

### MEMORANDUM OPINION

This cause came before the court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. Defendants have made several arguments in support of the motion, including the argument that Counts I, II, IV, V, and VI are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136 - 136y ("FIFRA"), and the argument that all the counts of the complaint fail to state a ground on which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P.

I.    PREEMPTION.

The court concludes that although FIFRA does preempt certain state law claims which would impose a labeling or packaging requirement on chemicals in addition to or different than FIFRA, *Papas v. Upjohn Co.*, 985 F.2d 516 (11th Cir. 1993), plaintiffs' claims in Counts I, II, IV, V, and VI would not impose such a requirement. The cases cited by defendants do not support their contention that Congress intended to sweep all common law claims, such as fraud or negligence, into the FIFRA regime merely because they are brought against a company that performs pest

control work. Accordingly, FIFRA does not preempt plaintiffs' state law claims. *See Jillson v. Vermont Log Bldgs, Inc.*, 857 F. Supp. 985 (D. Mass. 1994); *Bingham v. Terminix Int'l Co.*, 850 F. Supp. 516 (S. D. Miss. 1994). The motion to dismiss Counts I, II, IV, V, and VI on preemption grounds is therefore due to be denied.

II. FIFRA.

In addition to their state law claims, plaintiffs have alleged in Count III that defendants have violated FIFRA by failing to apply chemicals consistent with the requirements provided on the labeling of the chemical containers. The court concludes, however, that FIFRA does not provide a private right of action. *In re "Agent Orange" Product Liability Litigation*, 635 F.2d 987 (2d Cir. 1980); *Fiedler v. Clark*, 714 F.2d 77 (9th Cir. 1983). Accordingly, defendants' Motion to Dismiss is due to be granted as to Count III.

III. JURISDICTION.

Having found that plaintiffs' FIFRA claim is due to be dismissed, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly, by separate order, the court will remand this cause to the Circuit Court of Shelby County, Alabama.

**DONE** this 31st day of March, 2000.

*[signature]*
**SHARON LOVELACE BLACKBURN**
United States District Court Judge